IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL HINSHAW, TDCJ No. 1781183, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:21-cv-1955-G-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Christopher Michael Hinshaw, a Texas prisoner, is serving a 35-year sentence, received after entering a negotiated guilty plea to aggravated sexual assault of a child younger than six, in violation of Texas Penal Code § 22.021. *See State v. Hinshaw*, No. F11-18994-L (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex. Apr. 20, 2012); Dkt. No. 3 at 2-3. Hinshaw did not appeal. *See* Dkt. No. 3 at 3. But he did seek state habeas relief no sooner than December 28, 2018, the date that he signed the petition. *See Ex parte Hinshaw*, W11-18994-L(A) (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex.); Dkt. No. 3 at 3-4. And the Texas Court of Criminal Appeals (the CCA) has now denied that petition without written order on the findings of the trial court without a hearing and on the CCA's independent review of the record. *See Ex parte Hinshaw*, WR-89,558-01 (Tex. Crim. App. Mar. 10, 2021).

Hinshaw then filed this application for a writ of habeas corpus under 28 U.S.C. § 2254 [Dkt. No. 3] no sooner than August 11, 2021, the date that he certifies he

placed it in the prison mailing system,[1] *see id.* at 10.

Senior United States District Judge A. Joe Fish referred the Section 2254 petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. After examining the petition, the Court entered an order questioning whether it was timely based on the chronology set out above but offering Hinshaw an opportunity to respond. *See* Dkt. No. 8. He responded. *See* Dkt. No. 9. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas petition with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

## Legal Standards

Under Habeas Rule 4, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on

---

[1] *See* RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

And the Court may exercise this power to summarily dismiss Hinshaw's application with prejudice as time barred under Habeas Rule 4.

"[E]ven though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329. But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original). As set out above, the Court provided notice, and Hinshaw responded. *Cf. Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of

limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[2]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And, most applicable here, a showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the

---

[2] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[3]

## Analysis

The timeliness of most Section 2254 applications is determined under Section 2244(d)(1)(A), based on the date on which the judgment became final. A state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Hinshaw did not file a direct appeal, the state criminal judgment he now challenges became final for federal-limitations purposes on the thirtieth day after the state judgment was imposed that was not a Saturday, Sunday, or legal

---

[3] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

holiday – which was on Monday, May 21, 2012. *See* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a). And, "[b]ecause [Hinshaw's] state habeas petition was not filed within the one-year period" that commenced on that date, that petition "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))). Accordingly, the Section 2254 habeas application, filed no sooner than August 11, 2021, was filed more than eight years too late and should be denied as untimely under Section 2244(d)(1)(A) absent statutory or equitable tolling of the limitations period.

Hinshaw first argues that Section 2244(d)(1)(D) controls the timeliness of his petition. *See* Dkt. No. 3 at 9; Dkt. No. 9 at 2-6. Under Subsection D, the factual predicate provision of the statute, the limitations period runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). So it matters when a habeas petitioner first knew of – or, through due diligence, could have discovered – "the vital or principal facts underlying [the] claims." *Vega v. Stephens*, No. 3:14-cv-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015) (defining "the factual predicate" as "the vital or principal facts underlying [a petitioner's] claims" (citing *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012))); *see also Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2016 WL 777695, at *5 (N.D. Tex. Jan. 19, 2016)

("Under Section 2244(d)(1)(D), the applicable date is the date on which vital facts are first discovered, not when evidence to support those facts is first acquired."), *rec. accepted*, 2016 WL 759564 (N.D. Tex. Feb. 26, 2016); *Christian v. Bracy*, No. 2:18-CV-652, 2019 WL 2314631, at *3 (S.D. Ohio May 31, 2019) ("The term 'factual predicate' in § 2244(d)(1)(D) refers to factual evidence and events, not legal conclusions.").

In support of applying Subsection D, Hinshaw contends that his claims rest on two factual predicates: "that counsel erroneously and misleadingly admonished him that he would be parole eligible at some point, when in fact he was statutorily barred from parole eligibility" and "that the trial court and its attendants never corrected this admonishment, neither during the colloquy, nor within the written admonishments to the defendant." Dkt. No. 9 at 3; *see also id.* ("After signing the plea agreement the Petitioner was under the impression that he would become parole eligible. It wasn't until some four-year later, after noticing that his TDCJ 'time sheets' didn't reflect a parole eligibility date, that the Petitioner learned, through the time dispute resolution process, that he was never parole eligible." (citation omitted)).

But, for application of Subsection D, it does not matter when Hinshaw discovered his parole ineligibility because, by at least the date that Hinshaw's state conviction became final – if not before – he could have discovered with due diligence that he was not eligible for parole under Texas law. That is, given the offense of which he was convicted, Hinshaw "was, under Texas law on the date he pled guilty, ineligible for parole consideration." *Gonzales v. Thaler*, Civ. A. No. H-11-705, 2011 WL 6749042, at *3 (S.D. Tex. Oct. 20, 2011) ("Based on the state court records, which

include Gonzales' guilty plea to the offense of aggravated kidnapping with a deadly weapon, and the fact that Gonzales was, under Texas law on the date he pled guilty, ineligible for parole consideration until he had served one half of his thirty year sentence 'without consideration of good conduct time,' TEX. GOV'T CODE § 508.145(d), the limitations period commenced on these parole-related claims on the date Gonzales' conviction became final." (footnote omitted)), *rec. adopted*, 2011 WL 6749056 (S.D. Tex. Dec. 21, 2011); *see* TEX. GOV'T CODE § 508.145(a)(3) ("An inmate is not eligible for release on parole if the inmate is … serving a sentence" under Penal Code "Section 22.021, if the offense is publishable under Subsection (f) of that section."); TEX. PENAL CODE § 22.021(f)(1) ("The minimum term of imprisonment for an offender under this section is increased to 25 years if … the victim of the offense is younger than six years of age at the time the offense is committed.").

For substantially the same reasons, Hinshaw also argues that equitable tolling applies, particularly insofar as his trial counsel gave Hinshaw incorrect advice as to his parole eligibility. *See* Dkt. No. 3 at 9; Dkt. No. 9 at 2-6. But

> [m]ere attorney error or neglect is not an extraordinary circumstance warranting equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). However, an attorney's intentional deception may warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations. *See United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002). In *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2003), [the United States Court of Appeal for the Fifth Circuit] held that equitable tolling was not warranted where the movant's attorney gave him incorrect legal advice regarding the time for filing a 28 U.S.C. § 2255 motion. The court noted that the movant had presented no evidence that the attorney had intentionally deceived him. *Id.* at 799-800.

*United States v. Sealed Appellant 1*, 70 F. App'x 774, 775 (5th Cir. 2003) (per curiam)

(citations modified); *see also Cousin*, 310 F.3d at 848-49 ("Many courts have considered the question whether attorney error constitutes 'rare and exceptional circumstances' and have held that it does not." (collecting cases)).

So, because Hinshaw has not shown an extraordinary circumstance beyond his control, he cannot establish equitable tolling's first prong. And it does not matter how diligent Hinshaw acted after he allegedly actually became aware that he was not eligible for parole.

Further, insofar as Hinshaw bases a tolling argument on *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), *see, e.g.*, Dkt. No. 3 at 9, "[u]nder *Martinez* and *Trevino*, the ineffectiveness of state habeas counsel may excuse a petitioner's procedural default 'of a single claim' – ineffective assistance of trial counsel," *Murphy v. Davis*, 732 F. App'x 249, 256-57 (5th Cir. 2018) (per curiam) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017)); *accord Ayestas v. Davis*, 138 S. Ct. 1080, 1093-94 (2018) ("*Trevino* permits a Texas prisoner to overcome the failure to raise a substantial ineffective-assistance claim in state court by showing that state habeas counsel was ineffective." (citing *Trevino*, 569 U.S. at 429)).

But neither decision applies "to § 2244(d)'s one-year limitations period." *Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (order by Higginson, J.) (citing *Lombardo v. United States*, 860 F.3d 547, 557-58 (7th Cir. 2017); *Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014); *Bland v. Superintendent Greene SCI*, No. 16-3457, 2017 WL 3897066, at *1 (3d Cir. 2017)); *see also United States v. Robinson*, 762 F. App'x 571, 576-77 (10th Cir. 2019) (collecting authority and

concluding that "it cannot be argued that *Martinez/Trevino* expressly addressed timeliness or tolling"); *Dickerson v. Davis*, No. 4:17-cv-71-A, 2018 WL 2431846, at *3 (N.D. Tex. May 30, 2018) ("Nor can petitioner rely on the *Martinez* line of cases to excuse his untimeliness. This line of cases addresses equitable exceptions to a procedural default. The bar to review at issue in this case arises from petitioner's failure to meet the *federal* limitations deadline under the AEDPA. Thus, the *Martinez* line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling." (collecting cases; citation omitted)).

The Court should therefore dismiss the Section 2254 petition with prejudice as time barred.

### Recommendation and Directions to Clerk

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Christopher Michael Hinshaw's 28 U.S.C. § 2254 habeas application with prejudice. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk shall serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 13, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE